**HILL WALLACK LLP**
Jeffrey L. Shanaberger, Esq. – #020931983
21 Roszel Road
P.O. Box 5226
Princeton, New Jersey 08543
(609) 924-0808
Attorneys for Defendants, Cherry Hill Board
of Education and Cherry Hill School District

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK K. SHORT, JR., TAMATHA COSTELLO,<br><br>                Plaintiffs,<br>vs.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; ANGELICA ALLEN-MCMILLAN, Commissioner – New Jersey Department of Education, acting in her official capacity, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; CHERRY HILL BOARD OF EDUCATION, 45 Ranoldo Terrace, Cherry Hill, NJ 08034; CHERRY HILL SCHOOL DISTRICT, 45 Ranoldo Terrace, Cherry Hill, NJ 08034-0391; CRANFORD PUBLIC SCHOOL DISTRICT, 132 Thomas St., Cranford, NJ 07016; CRANFORD BOARD OF EDUCATION, 132 Thomas St., Cranford, NJ 07016,<br><br>                Defendants. | Civil Action. No. 3:23-cv-21105-RK-DEA<br><br>**Document electronically filed**<br><br><br>**ANSWER, AFFIRMATIVE DEFENSES** |

Defendant, Cherry Hill Board of Education, also improperly named as Cherry Hill School District, by way of answer to the amended complaint, says:

## NATURE OF THE ACTION

1. This party neither admits nor denies the allegation of this paragraph and leaves plaintiffs to their proofs.

2. This party neither admits nor denies the allegation of this paragraph and leaves plaintiffs to their proofs.

3. This party admits that it duly adopted the policy of the Board of Education #5756 entitled "Transgender Students," the terms of which speak for itself. Any further allegations are denied.

4. The allegations of this paragraph are denied.

5. The allegations of this paragraph are denied.

6. The allegations of this paragraph are denied.

7. The allegations of this paragraph are denied.

8. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff Costello to her proofs.

9. The allegations of this paragraph are denied.

10. The allegations of this paragraph are denied.

11. The allegations of this paragraph, to the extent they pertain to this defendant, are denied.

## JURISDICTION AND VENUE

12. These are allegations of law not fact and as such are denied.

13. The allegations of this paragraph are denied.

14. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff Costello to her proofs.

## PARTIES

15. This party admits that plaintiff's three children attend the Cherry Hill Township public schools. The remaining allegations are denied.

16. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff Costello to her proofs.

17. The allegations of this paragraph are admitted.

18. The allegations of this paragraph are denied.

19. The allegations of this paragraph are denied.

20. The allegations of this paragraph are denied.

21. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

22. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

## **STATEMENT OF FACTS**

23. This party admits the first two sentences of paragraph 23. This party lacks sufficient information with which to admit the remaining allegations of this paragraph.

24. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

25. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

26. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

27. This party neither admits nor denies this allegation as it is one of law and the subject statute speaks for itself.

28. The allegations of this paragraph are denied. Moreover, the terms of the NJ Guidance document moreover, speak for themselves.

29. This party neither admits nor denies the allegations of this paragraph as the terms of the NJ Guidance document speak for themselves.

30. The allegations of this paragraph are denied as characterized.

31. The allegations of this paragraph are denied as characterized.

32. The allegations of this paragraph are denied as characterized.

33. The allegations of this paragraph are denied.

34. The allegations of this paragraph are denied.

35. This party admits that it duly adopted a policy entitled "Transgender Students" bearing policy #5756 in the exercise of its judgment and discretion pursuant to the authority granted by NJ Education Law. All other allegations are denied.

36. The allegations of this paragraph are denied.

37. The allegations of this paragraph are denied.

38. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

## Dr. Stephen Levine

39. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

40. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

41. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

42. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

43. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

44. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

45. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

46. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

47. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

48. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

49. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

50. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

51. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

52. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

53. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

54. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

55. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

56. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

57. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

58. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

59. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

60. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

61. This party neither admits nor denies the quoted statements from Dr. Levine, leaving plaintiffs to their proofs.

**Dr. Anderson, Ph.D. on Gender Identity and Parental Involvement**

62. This party neither admits nor denies the quoted statements from Dr. Anderson, leaving plaintiffs to their proofs.

63. This party neither admits nor denies the quoted statements from Dr. Anderson, leaving plaintiffs to their proofs.

64. This party neither admits nor denies the quoted statements from Dr. Anderson, leaving plaintiffs to their proofs.

65. This party neither admits nor denies the quoted statements from Dr. Anderson, leaving plaintiffs to their proofs.

66. This party neither admits nor denies the quoted statements from Dr. Anderson, leaving plaintiffs to their proofs.

67. The allegations of this paragraph are denied.

68. The allegations of this paragraph are denied.

69. The allegations of this paragraph are denied.

70. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

## **FIRST COUNT**

**Violation of Fourteenth Amendment, Substantive Due Process, United States Constitution**

71. The answering party hereby repeats and restates the responses to the previous allegations as though set forth at length herein.

72. The allegations of this paragraph are denied.

73. The allegations of this paragraph are denied.

74. This is an allegation of law not fact and as such is denied as characterized.

75. This is an allegation of law not fact and as such is denied as characterized.

76. This is an allegation of law not fact and as such is denied as characterized.

77. This is an allegation of law not fact and as such is denied as characterized.

78. This is an allegation of law not fact and as such is denied as characterized.

79. This is an allegation of law not fact and as such is denied as characterized.

80. This is an allegation of law not fact and as such is denied as characterized.

81. This is an allegation of law not fact and as such is denied as characterized.

82. The allegations of this paragraph are denied.

83. The allegations of this paragraph are denied.

84. The allegations of this paragraph are denied.

85. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

86. The allegations of this paragraph are denied.

87. The allegations of this paragraph are denied.

## SECOND COUNT

### THE NJ DOE GUIDANCE IS ULTRA VIRES, AS IT IS BEYOND THE AUTHORITY GRANTED TO IT BY ITS ENABLING STATUTE, IN VIOLATION OF THE NJ ADMINISTRATIVE PROCEDURES ACT

88. The answering party hereby repeats and restates the responses to the previous allegations as though set forth at length herein.

89. This is an allegation of law not fact and as such is denied.

90. This is an allegation of law not fact and as such is denied.

91. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

92. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

93. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

94. This is an allegation of law not fact and as such is denied.

95. The allegations of this paragraph are denied.

96. The allegations of this paragraph are denied.

97. The allegations of this paragraph are denied as the statute cited speaks for itself.

98. The allegations of this paragraph are denied.

99. The allegations of this paragraph are denied.

100. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiffs to their proofs.

101. The allegations of this paragraph are denied.

102. The allegations of this paragraph are denied.

103. The allegations of this paragraph are denied.

104. The allegations of this paragraph are denied.

## THIRD COUNT

## VIOLATION OF 42 U.S. CODE § 1983

105. The answering party hereby repeats and restates the responses to the previous allegations as though set forth at length herein.

106. This is an allegation of law not fact and as such is denied as characterized.

107. The allegations of this paragraph are denied.

108. The allegations of this paragraph are denied.

**WHEREFORE,** defendant Cherry Hill Board of Education, also named as Cherry Hill Township School District, demands judgment against the plaintiffs

dismissing the amended complaint with prejudice together with costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief may be granted.

2. This action is barred by the applicable statute of limitations.

3. Plaintiffs have no ascertainable damages.

4. The conduct of the answering defendants was not the proximate cause of any damage or injuries which may have been sustained by the plaintiffs.

5. There has been no deprivation to plaintiffs of any right, privilege or immunity secured by the Constitution or the laws of the United States or of the State of New Jersey.

6. The individual defendants are all entitled to qualified immunity.

7. No policy, practice or custom of the entity defendant was a proximate cause of any damages alleged by the plaintiffs.

8. The individual defendants herein were all properly trained and instructed.

9. There is no causal connection between the actions or inactions of the answering defendants and the alleged deprivation of rights, privileges or immunities complained of by the plaintiffs.

10. The answering defendant breached no legal duty owed to the plaintiff and none of its acts or omissions were a proximate cause of any alleged damages claimed by the plaintiff.

11. Plaintiff is not entitled to punitive damages.

12. At the time and place mentioned in the complaint, the answering defendant violated no legal duty owed to the plaintiffs.

13. The answering defendant asserts that it has not violated any clearly established law and at all times concerned with this litigation acted in a manner which was proper, reasonable, lawful and in an exercise of good faith and as such enjoyed not only qualified immunity from liability but immunity from suit.

14. The answering defendant breached no legal duty owed to the plaintiffs and none of its acts or omissions were a proximate cause of any alleged damages claimed by the plaintiffs.

15. Plaintiffs lack standing to sue this defendant or receive relief against it.

## JURY DEMAND

This party demands trial by jury upon all issues.

## **DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4 Jeffrey L. Shanaberger, Esquire hereby designated as trial counsel in this matter.

                                        **HILL WALLACK LLP**
                                        Attorneys for Defendant,
                                        Cherry Hill Board of Education also
                                        improperly named as Cherry Hill
                                        School District

                                        By:/s/ *Jeffrey L. Shanaberger*
                                              Jeffrey L. Shanaberger, Esq.

Dated:       November 27, 2023