

**METHFESSEL & WERBEL**
A Professional Corporation

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK*+
I. BLAKELEY JOHNSTONE, III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>
JAMES P. CULLEN, JR.=^
THOMAS O. MULVIHILL>

Of Counsel
STEPHEN R. KATZMAN#
ED THORNTON>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+
MARC DEMBLING*+
(1944-2022)

Counsel
CHARLES J. UHRMANN>
ADAM M. CARMAN+^
SARAH K. DELAHANT+
SHAJI M. EAPEN+
JAMES FOXEN*
ANGELA M. GURRERA>
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH=
CHARLES T. MCCOOK, JR.*>
RICHARD A. NELKE~
STEVEN K. PARNESS+
RAINA M. PITTS^
AMANDA J. SAWYER^
JARED S. SCHURE>

Associates
JILLIAN T. CLARK>
EDWARD D. DEMBLING>
MICHAEL R. EATROFF>
ANGEL M. HIERREZUELO>
ANDREW S. KARLBON>
FRANK J. KEENAN+^
SCOTT KETTERER>

Associates, Cont'd
JESSICA K. BENKE>
ALONSO LOREDO>
ANTHONY J. MANCUSO>
CHRISTEN E. MCCULLOUGH^
KAJAL J. PATEL+
ADAM M. SCHWARTZ+
SARAH E. SHEPP+
STEVEN A. UNTERBURGER+
LEVI E. UPDYKE+^

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NY Bar only
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
<Member of NJ, NY & CA Bar
>Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar

**Please reply to New Jersey**

December 8, 2023

<u>VIA E-FILING</u>
Clerk, United States District Court
Clarkson S. Fisher Fed. Bldg. 402 East State Street
Trenton, NJ 08608

RE: **FREDERICK K. SHORT JR. AND TAMATHA COSTELLO VS. CRANFORD BOARD OF EDUCATION.**
Our File No.   : 94305 ELH
Docket No.    : 3:23-cv-21105-RK-DEA

Dear Sir/Madam

Enclosed please find an Answer on behalf of the Cranford Board of Education and Cranford High School.

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**

Eric L. Harrison
harrison@methwerb.com
Ext. 138

ELH:dwh/Encl.

2025 Lincoln Highway · Suite 200 · P.O. Box 3012 · Edison, NJ 08818 · (732) 248-4200 · FAX (732) 248-2355
112 West 34th Street · 17th Floor · New York, NY 10120 · (212) 947-1999 · FAX (212) 947-3332
One Liberty Place · 1650 Market St., 36th Floor · Philadelphia, PA 19103 · (215) 665-5622 · FAX (215) 665-5623
101 Federal Street · Suite 1900 · Boston, MA 02110 · (617) 204-5630 · FAX (617) 977-9398
www.njinslaw.com

Methfessel & Werbel Esqs.
Our File No.: 94305 ELH
Page 2

cc:     VIA EMAIL: tstavolajr@stavolalaw.com
        Thomas Stavola
        Law Office of Thomas Stavola, Jr. LLC
        209 County Road 537
        Colts Neck, NJ 07722

        VIA EMAIL: cmelcher@hillwallack.com
        VIA EMAIL: jshanaberger@hillwallack.com
        Jeffrey Shanaberger
        Hill Wallack LLP
        21 Roszel Road P.O. Box 5226
        Princeton, NJ 08543-5226

        VIA EMAIL: matthew.lynch@dol.lps.state.nj.us
        Matthew Jon Lynch, Esq.
        State of New Jersey
        Office of Attorney General
        Division of Law
        25 Market Street
        Trenton, NJ 08625

Eric L. Harrison - ID #033381993
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
harrison@methwerb.com
Attorneys for Cranford Public Schools and Cranford High School
Our File No.  94305 ELH

| | |
|---|---|
| FREDERICK K. SHORT JR., TAMATHA COSTELLO<br><br>Plaintiff<br><br>V.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, 100 RIVER VIEW PLAZA, PO BOX 500, TRENTON, NJ 08625-0500; AGENLICA ALLEN-MCMILLAN, COMMISSIONER - NEW JERSEY DEPARTMENT OF EDUCATION, ACTING IN HER OFFICIAL CAPACITY, 100 RIVER VIEW PLAZA, PO BOX 500, TRENTON, NJ 08625-0500; CHERRY HILL BOARD OF EDUCATION, 45 RANOLDO TERRACE, CHERRY HILL, NJ 08034; CHERRY HILL SCHOOL DISTRICT, 45 RANOLADO TERRACE, CHERRY HILL, NJ 08034-0391; CRANFORD PUBLIC SCHOOL DISTRICT, 132 THOMAS ST., CRANFORD, NJ 07016; CRANFORD BOARD OF EDUCATION, 132 THOMAS ST., CRANFORD, NJ 07016<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNITED STATES DISTRICT - TRENTON DOCKET NO.: 3:23-cv-21105-RK-DEA<br><br>Civil Action<br><br>**ANSWER** |

Defendants, Cranford Public Schools and Cranford High School, by way of Answer to the Complaint filed herein say:

## **NATURE OF THE ACTION**

1.      Answering Defendants deny Plaintiff is entitled to such relief.

2.      To the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied.

3.      This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

4.      As to the first sentence, denied. As to the second sentence, to the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied. As to the third sentence, to the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied. As to the fourth sentence, this Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied. As to the fifth sentence, this Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

5.      As to the first sentence, answering Defendants deny Plaintiff is entitled to such relief Denied. As to the rest of the paragraph, denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

10.   As to the first sentence, answering Defendants deny Plaintiff is entitled to such relief. As to the second sentence, denied.

11.   This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

## JURISDICTION AND VENUE

12.   As to the first sentence, answering Defendants deny Plaintiff is entitled to such relief. As to the rest of the paragraph, this Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

13.   This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

14.   This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

## PARTIES

15.   This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

16.   This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

17.   This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

18.   As to the first sentence, to the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied. As to the second sentence, denied.

19.   Denied.

20.   Admitted.

21.   Denied.

22.   Admitted.

## STATEMENT OF FACTS

23.   This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

24.   This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

25.   As to the first sentence, denied. As to the second sentence, admitted only insofar as the Plaintiff so alleges; otherwise, denied. As to the third sentence, denied. As to the last sentence, admitted only insofar as the Plaintiff so alleges; otherwise, denied.

26.   As to the first sentence, admitted. As to the second sentence, denied.

27.   To the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied.

## NJ Guidance – the Policy Implemented by Cherry Hill School District and Cranford Public School District

28.   As to the first sentence, denied. As to the second sentence, denied. As to the rest of the paragraph, to the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied.

29. To the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied.

30. To the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied.

31. To the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied.

32. To the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied.

33. To the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied.

34. Denied.

35. As to the first sentence, admitted that Cranford Board of Education adopted the NJ DOE's Guidance in 2020; otherwise, admitted only insofar as the Plaintiff alleges. As to the second sentence, to the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied.

36. Denied.

37. This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

38. This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

**Dr. Stephen Levine**

39. This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

40.    This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

41.    This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

42.    This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

**Dr. Levine on Gender Identity Issues and Parental Involvement**

43.    The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

44.    The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

45.    The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

46.    The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

47.    The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

48.   The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

49.   The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

50.   The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

51.   The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

52.   The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

53.   The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

54.   The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

55.   The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

56.     The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

57.     The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

58.     The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

59.     The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

60.     The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

61.     This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

**Dr. Anderson, Ph.D on Gender Identity and Parental Involvement**

62.     This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

63.     This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

64. The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

65. The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

66. The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

67. This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

68. Denied.

69. Denied.

70. Denied.

## **FIRST COUNT**

### **Violation of Fourteenth Amendment, Substantive Due Process, United States Constitution**

71. Answering Defendants repeat and reiterate their answers to all the previous allegations of the Complaint with full force and effect as though more fully set forth herein at length.

72. Denied.

73. Denied.

74. The within Paragraph asserts a contention of law and as such, the answering Defendants make no response thereto other

than to deny this paragraph to the extent it suggests that answering Defendants violated the civil rights of the Plaintiff.

75. The within Paragraph asserts a contention of law and as such, the answering Defendants make no response thereto other than to deny this paragraph to the extent it suggests that answering Defendants violated the civil rights of the Plaintiff.

76. The within Paragraph asserts a contention of law and as such, the answering Defendants make no response thereto other than to deny this paragraph to the extent it suggests that answering Defendants violated the civil rights of the Plaintiff.

77. The within Paragraph asserts a contention of law and as such, the answering Defendants make no response thereto other than to deny this paragraph to the extent it suggests that answering Defendants violated the civil rights of the Plaintiff.

78. Denied.

79. The within Paragraph asserts a contention of law and as such, the answering Defendants make no response thereto other than to deny this paragraph to the extent it suggests that answering Defendants violated the civil rights of the Plaintiff.

80. The within Paragraph asserts a contention of law and as such, the answering Defendants make no response thereto other than to deny this paragraph to the extent it suggests that answering Defendants violated the civil rights of the Plaintiff.

81. The within Paragraph asserts a contention of law and as such, the answering Defendants make no response thereto other than to deny this paragraph to the extent it suggests that answering Defendants violated the civil rights of the Plaintiff.

82. As to the first sentence, denied. As to the second sentence, it asserts a contention of law and as such, the answering Defendants make no response thereto other than to deny this paragraph to the extent it suggests that answering Defendants violated the civil rights of the Plaintiff.

83. Denied.

84. Denied.

85. This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

86. Denied.

87. Denied.

## SECOND COUNT

88. Answering Defendants repeat and reiterate their answers to all the previous allegations of the Complaint with full force and effect as though more fully set forth herein at length.

89. The within Paragraph asserts a contention of law and as such, the answering Defendants make no response thereto other than to deny this paragraph to the extent it suggests that answering Defendants violated the civil rights of the Plaintiff.

90.   As to the first sentence, the within Paragraph asserts a contention of law and as such, the answering Defendants make no response thereto other than to deny this paragraph to the extent it suggests that answering Defendants violated the civil rights of the Plaintiff. As to the second sentence, the within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

91.   Admitted.

92.   Admitted.

93.   To the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied.

94.   The within Paragraph of the Complaint makes no assertion against answering Defendants. To the extent this paragraph refers to Defendants, denied.

95.   Denied.

96.   This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

97.   The within Paragraph asserts a contention of law and as such, the answering Defendants make no response thereto other than to deny this paragraph to the extent it suggests that answering Defendants violated the civil rights of the Plaintiff.

98.   This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

99.   This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

100.  This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

101.  This Paragraph is admitted only insofar as the Plaintiff so alleges; otherwise, denied.

102.  As to the first sentence, denied. As to the second sentence, to the extent this Paragraph refers to a document, that document speaks for itself; otherwise denied.

103.  Denied.

104.  Answering Defendant denies Plaintiff is entitled to such relief.

## THIRD COUNT

105.  Answering Defendants repeat and reiterate their answers to all the previous allegations of the Complaint with full force and effect as though more fully set forth herein at length.

106.  The within Paragraph asserts a contention of law and as such, the answering Defendants make no response thereto other than to deny this paragraph to the extent it suggests that answering Defendants violated the civil rights of the Plaintiff.

107.  Denied.

108.  Denied.

**PRAYER FOR RELIEF**

109.   Answering Defendants repeat and reiterate their answers to all the previous allegations of the Complaint with full force and effect as though more fully set forth herein at length.

110.   Answering Defendant denies Plaintiff is entitled to such relief.

111.   Answering Defendant denies Plaintiff is entitled to such relief.

112.   Answering Defendant denies Plaintiff is entitled to such relief.

113.   Answering Defendant denies Plaintiff is entitled to such relief.

114.   Answering Defendant denies Plaintiff is entitled to such relief.

115.   Answering Defendant denies Plaintiff is entitled to such relief.

116.   Answering Defendant denies Plaintiff is entitled to such relief.

117.   Answering Defendant denies Plaintiff is entitled to such relief.

118.   Answering Defendant denies Plaintiff is entitled to such relief.

**FIRST SEPARATE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND SEPARATE DEFENSE**

Defendants were not guilty of any negligence, wrongdoing, breach of duty, or misconduct that was the proximate or producing cause of any injuries or damages alleged by plaintiff.

### THIRD SEPARATE DEFENSE

Any claims against answering defendants are barred by contributory negligence or should be mitigated by comparative negligence pursuant to N.J.S.A. 2A:15-5.1, et seq.

### FOURTH SEPARATE DEFENSE

Any and all injuries and damages were proximately caused by actions or negligence of plaintiff or by persons not under the control of the defendants.

### FIFTH SEPARATE DEFENSE

Any injuries and damages were caused by and arose out of risks of which plaintiff had full knowledge and which plaintiff assumed.

### SIXTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the negligence of the plaintiff.

### SEVENTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the intentional behavior of the plaintiff.

### EIGHTH SEPARATE DEFENSE

Defendants owed no legal duty to the plaintiff.

### NINTH SEPARATE DEFENSE

Defendants breached no duty owed to the plaintiff.

### TENTH SEPARATE DEFENSE

Defendants performed each and every duty, if any, owed to plaintiff.

**ELEVENTH SEPARATE DEFENSE**

Plaintiff has not been deprived of any right, privilege, or immunity created or recognized by the United States Constitution, the New Jersey Constitution, any statute, or any law.

**TWELFTH SEPARATE DEFENSE**

Defendants acted in good faith without malicious intent in carrying out all duties.

**THIRTEENTH SEPARATE DEFENSE**

Defendants at all times acted reasonably, in good faith, and in accordance with all applicable laws of the United States, State of New Jersey, and local ordinances.

**FOURTEENTH SEPARATE DEFENSE**

All  acts of defendants were performed in good faith and defendant is therefore entitled to qualified immunity.

**FIFTEENTH SEPARATE DEFENSE**

Defendants are entitled to absolute immunity.

**SIXTEENTH SEPARATE DEFENSE**

Punitive damages cannot be awarded against defendants under both common law and statute.

**SEVENTEENTH SEPARATE DEFENSE**

This court lacks jurisdiction over one or more of plaintiff's claims.

## EIGHTEENTH SEPARATE DEFENSE

Defendants had legitimate, nondiscriminatory reasons for all acts and omissions of which plaintiff complains.

## NINETEENTH SEPARATE DEFENSE

Plaintiff has failed to exhaust all available administrative remedies.

## TWENTIETH SEPARATE DEFENSE

## JURY DEMAND

The defendants hereby demand trial by a jury as to all issues so triable.

> **METHFESSEL & WERBEL, ESQS.**
> Attorneys for Cranford Public
> Schools and Cranford High School


By:_____
        Eric L. Harrison

DATED: December 8, 2023

Our File No.  94305

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

      1.    I am employed by the law firm of Methfessel & Werbel.

      2.    On December 8, 2023 the undersigned prepared and forwarded copies of the within Answer to the following parties:

      Clerk, United States District Court - Trenton
      Clarkson S. Fisher Fed. Bldg. 402 East State Street
      Trenton, NJ 08608

      VIA EMAIL: tstavolajr@stavolalaw.com
      Thomas Stavola Jr.
      Law Office of Thomas Stavola, Jr. LLC
      209 County Road 537
      Colts Neck, NJ 07722

      VIA EMAIL: cmelcher@hillwallack.com
      VIA EMAIL: jshanaberger@hillwallack.com
      Jeffrey Shanaberger Esq.
      Hill Wallack LLP
      21 Roszel Road P.O. Box 5226
      Princeton, NJ 08543-5226

      VIA EMAIL: matthew.lynch@dol.lps.state.nj.us
      Matthew Jon Lynch, Esq.
      State of New Jersey
      Office of Attorney General
      Division of Law
      25 Market Street
      Trenton, NJ 08625

      3.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Katharine A. Rubin*

_____
Katharine A. Rubin