**HILL WALLACK LLP**
Jeffrey L. Shanaberger, Esq. – #020931983
21 Roszel Road
P.O. Box 5226
Princeton, New Jersey 08543
(609) 924-0808
Attorneys for Defendants, Cherry Hill Board
of Education and Cherry Hill School District

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK K. SHORT, JR., TAMATHA COSTELLO,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; ANGELICA ALLEN-MCMILLAN, Commissioner – New Jersey Department of Education, acting in her official capacity, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; CHERRY HILL BOARD OF EDUCATION, 45 Ranoldo Terrace, Cherry Hill, NJ 08034; CHERRY HILL SCHOOL DISTRICT, 45 Ranoldo Terrace, Cherry Hill, NJ 08034-0391; CRANFORD PUBLIC SCHOOL DISTRICT, 132 Thomas St., Cranford, NJ 07016; CRANFORD BOARD OF EDUCATION, 132 Thomas St., Cranford, NJ 07016,<br><br>　　　　　　　Defendants. | Civil Action. No. 3:23-cv-21105-RK-DEA<br><br>**Document electronically filed**<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE JURY DEMAND BY DEFENDANT CHERRY HILL BOARD OF EDUCATION** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

Introduction ..............................................................................................................1

ARGUMENT .............................................................................................................3

   THE JURY DEMAND IN THE ANSWER OF THE CHERRY HILL BOARD
   OF EDUCATION SHOULD NOT BE STRICKEN ............................................3

CONCLUSION ..........................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

Rexam Inc. v. USW, AFL-CIO=CLC,
   2005 WL 3803362 (D. Minn. 2005) ..................................................................................4

**Rules**

F.R.Cv.P 38(a) ...............................................................................................................3

**Constitutional Provisions**

Seventh Amendment to the Constitution ...................................................................3

## Introduction

Plaintiff, Frederick K. Short, Jr., filed this action on October 12, 2023 seeking to enjoin, invalidate or alter a duly adopted policy of the defendant, Cherry Hill Board of Education, Policy 5756, addressing transgender students. Doc.1 The gravamen of Short's complaint appears to be lack of parental notification and consent to a student's expressed desire to be recognized and treated in accordance with the gender the student identifies with. Short alleges to have three children in the Cherry Hill School District but he notably does not allege that any of his children have been subjected to the procedures and protocol of Policy 5756.

The Cherry Hill Board of Education ["CHBOE"] was served with the summons and complaint on October 23, 2023. Doc.4 However, before the CHBOE answered, plaintiff amended his complaint on November 3, 2023, adding another plaintiff, Tamatha Costello, and adding a new defendant, the Cranford Board of Education. Da6. The amended complaint sought to invalidate Cranford's transgender policy which was similar if not identical to the CHBOE's Policy 5756. Unlike the original claim against CHBOE, however, the amended complaint alleged on behalf of Costello that her daughter, "through the facilitation and encouragement of" Cranford changed her gender identity causing her mental health to decline and her preexisting mental status to worsen due to the Cranford policy. Plaintiff Costello seeks monetary damages against Cranford, unlike her claims

1

against Cherry Hill.  However, the attack on the Cranford policy is the same attack being advanced against Cherry Hill.

The CHBOE answered the amended complaint on November 27, 2023 and included a demand for trial by jury.  Doc. 16.  Cranford thereafter answered on December 8, 2023 and similarly demanded trial by jury.  Doc.23  That same day, plaintiffs filed the instant motion to strike the jury demand from the answer to the CHBOE only.

# ARGUMENT

## THE JURY DEMAND IN THE ANSWER OF THE CHERRY HILL BOARD OF EDUCATION SHOULD NOT BE STRICKEN

The right to trial by jury in civil cases is fundamental and enshrined in the Seventh Amendment to the Constitution. It provides that:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, then according to the rules of the common law.

In furtherance of that mandate, F.R.Cv.P 38(a) provides that "The right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by a federal statute – is preserved to the parties inviolate."

The CHBOE acknowledges that the original complaint against the New Jersey Department of Education and the CHBOE sought relief that was purely equitable in nature and accepts the stipulation by plaintiffs that no monetary damages are or will be sought against it. However, when the complaint was amended to add Costello as a new plaintiff and the Cranford Board of Education as a new defendant, the nature of the case was altered by Costello's claims against Cranford, claims that include a demand for money damages. Plaintiffs appear to concede that the claims against Cranford will allow for trial by jury. Since the validity of the model transgender policy and the substantially similar versions adopted by the CHBOE and Cranford are bundled in this single case; and Cranford

3

concededly entitled to trial by jury, granting plaintiffs' motion creates the specter of having the validity of the policies determined by both the court and a jury inside the same case, assuming the question of the policies' validity is not first decided upon cross-motions for summary judgment. This is an incongruous outcome that follows should plaintiffs' motion be granted.

Plaintiffs acknowledge that courts "have held that suits involving mixed equitable and legal claims maintain a party's right to jury trial." Pb at 4. Plaintiffs' claim that the instant situation is distinguishable is unpersuasive. The claims concerning the validity of the CHBOE and Cranford policies are the same. The only difference is an additional claim against Cranford encompassing an ostensible claim of its transgender policy as applied whereas the CHBOE claim is a facial attack only. But the validity of the policies on their face remains the same and present in both cases. This fact thus distinguishes the instant case from the unpublished decision in Rexam Inc. v. USW, AFL-CIO=CLC, 2005 WL 3803362 (D. Minn. 2005). As Cranford is entitled to a jury trial, so too should the CHBOE on the validity of its policy. This is a situation of the plaintiffs' creation, having chosen to fold the Cranford claims into the existing NJDOE/CHBOE suit.

4

## CONCLUSION

For the reasons stated, defendant Cherry Hill Board of Education respectfully submits that plaintiffs' motion to strike its demand for trial by jury should be denied.

                                                 Respectfully submitted,

                                                 */s/ Jeffrey L. Shanaberger*

                                                 Jeffrey L. Shanaberger

Dated: December 22, 2023

4894-7593-5897, v. 1