Thomas Stavola, Jr., Esq.; NJ Bar ID number: 380012022
Law Office of Thomas Stavola Jr. LLC
209 County Road 537, Colts Neck, NJ 07722
E: tstavolajr@stavolalaw.com  P: 732-790-0639
*Counsel for Plaintiff – Frederick K. Short Jr. and Tamatha Costello*

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FREDERICK K. SHORT JR., TAMATHA COSTELLO<br><br>Plaintiffs,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; ANGELICA ALLEN-MCMILLAN, Commissioner - New Jersey Department Of Education, acting in her official capacity, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; CHERRY HILL BOARD OF EDUCATION, 45 Ranoldo Terrace, Cherry Hill, NJ 08034; CHERRY HILL SCHOOL DISTRICT, 45 Ranoldo Terrace, Cherry Hill, NJ 08034-0391; CRANFORD PUBLIC SCHOOL DISTRICT, 132 Thomas St., Cranford, NJ 07016; CRANFORD BOARD OF EDUCATION, 132 Thomas St., Cranford, NJ 07016<br><br>Defendant(s). | Case No. 3:23-cv-21105-RK-DEA<br><br>Judge Robert Kirsch and Magistrate Judge Douglas E. Arpert<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT CHERRY HILL BOARD OF EDUCATION'S JURY DEMAND**<br><br>**MEMORANDUM OF LAW**<br><br>**Motion Return Date: January 2, 2024** |

## TABLE OF CONTENTS

**ARGUMENT ........................................................................................................ 1**

**I.  CHERRY HILL BOARD OF EDUCATION'S JURY DEMAND SHOULD BE STRICKEN AS IT IS LEGALLY INAPPROPRIATE ................................... 1**

  **II.  CONCLUSION ............................................................................................. 3**

## TABLE OF AUTHORITIES

**Cases**

*Rexam Inc. v. USW*, 2005 U.S. Dist. LEXIS 21214 (D. Minn. 2005) ........................1

**ARGUMENT**

**I.    CHERRY HILL BOARD OF EDUCATION'S JURY DEMAND SHOULD BE STRICKEN AS IT IS LEGALLY INAPPROPRIATE**

Cherry Hill Board of Education does not possess a right to trial by jury, as the request for relief sought against them by Plaintiffs is equitable in nature, and the issues attendant the Plaintiff Short-Cherry Hill dispute are factually distinct from the Plaintiff Costello-Cranford dispute. There are no trialable factual issues present in the Plaintiff Short-Cherry Hill dispute.

In *Rexam Inc. v. USW*, 2005 U.S. Dist. LEXIS 21214 (D. Minn. 2005), the Court dealt with a situation wherein two defendants requested a trial by jury. The dispute as to the Plaintiff and one defendant (Steelworkers) was both equitable and legal in nature, and as such, the Court determined that the legal/monetary claims could be tried by a jury, "followed by a court determination of the equitable ERISA issues." *Id.* at 18. Conversely, as to the second defendant, International Association of Machinist and Aerospace Workers, the issues in its counterclaim were not only solely equitable in nature, but those issues were also factually distinct from "the issues covered by Steelworker defendant's jury demand," and so the court therein concluded "that the IAM has no right to a jury trial under the Seventh Amendment."

Concordantly, here, there are claims asserted against two defendants, namely, Plaintiffs' demand for equitable relief against Cherry Hill Board of Education

1

("BOE"), and Plaintiffs' demand for legal/monetary relief against Cranford Board of Education/Cranford School District. Defendant Cherry Hill BOE concedes that no monetary damages are sought against it. However, Defendant Cherry Hill BOE propounds the fallacious notion that because the model transgender policy and similar versions of it are bundled into the same case, they are entitled to a right to trial by jury. Defendant Cherry Hill BO further appears to assert that different aspects of a case cannot be decided by both a court and a jury. As clearly noted in *Rexam Inc.* at 18 (see *supra*), courts can and do permit juries to arbitrate factual matters while judges arbitrate equitable issues – in the same case.

Moreover, the Court in *Rexam* denied Defendant IAM's jury demand, not only due to the equitable nature of the claim, but because the issues were factually distinct from the issues covered by the defendant Steelworkers jury demand. *Id.* at 22. To the extent the Short-Cherry Hill BOE and Costello-Cranford disputes are comparable, they are only so with respect to the constitutional validity of their transgender policy, derived from the model policy. Such a question is equitable in nature. The factual predicate of the Costello-Cranford claim is much different than that of the Short-Cherry Hill BOE claim. In the latter, Plaintiff Short maintains a past and ongoing constitutional injury. In the former, Plaintiff Costello maintains a constitutional injury through the harm experienced by her child, through Cranford's surreptitious facilitation of her child's gender identity change and subsequent harms to her child,

which Plaintiff Costello contends would not have occurred had she been intricately involved. Plaintiff Costello demands tuition expense remuneration due to the fact that no viable alternative existed but to transfer her child to another school.

Accordingly, the factual issues underlying the constitutional harm in Costello's case are much different and more complex than the Short-Cherry Hill BOE dispute. Due to this factual distinction, Cherry Hill BOE cannot contrive a viable jury demand through attempted attachment to Cranford's jury demand. The matters are entirely severable.

Therefore, Cherry Hill BOE is not entitled to a trial by jury.

## II.     CONCLUSION

For the aforesaid reasons, Cherry Hill BOE's request for trial by jury should be stricken, and Plaintiffs respectfully request that the Court grant its motion to strike Cherry Hill BOE's jury demand.

Dated: December 27, 2023
Respectfully submitted,

*/s/ Thomas Stavola, Jr. Esq.*
Thomas Stavola, Jr., Esq.

3