

*State of New Jersey*

PHILIP D. MURPHY
*Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW

MATTHEW J. PLATKIN
*Attorney General*

TAHESHA L. WAY
*Lt. Governor*

25 MARKET STREET
P.O. BOX 112
TRENTON, N.J. 08625-0112

MICHAEL T.G. LONG
*Director*

December 29, 2023

**Via CM/ECF**
Hon. Robert Kirsch, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   Frederick K. Short, Jr., et al. v. N.J. Dept. of Educ., et al.
       Docket No. 3:23-cv-21105 (RK) (DEA)

Dear Judge Kirsch:

This office represents Defendants New Jersey Department of Education and
Acting Commissioner Angelica Allen-McMillan ("State Defendants") in this matter.
Consistent with this Court's judicial preferences, State Defendants write to inform
this Court of their intention to file a motion to dismiss all claims against them and to
request a pre-motion conference. The motion would seek dismissal under both Rule
12(b)(1) for lack of standing and Rule 12(b)(6) for failure to state a claim.

Plaintiffs are two parents with children who previously attended or currently
attend public school in New Jersey. Plaintiffs seek declaratory and injunctive relief,
asking this Court to hold unconstitutional and enjoin enforcement of the Transgender
Student Guidance for School Districts published by the Department of Education in
2018. In particular, they challenge provisions of the Guidance advising schools to
adopt policies that allow students to confidentially share information relating to their
gender identity or expression with school officials. Plaintiffs assert a substantive due
process right to be informed of such communications with their children.

As to Rule 12(b)(1), Plaintiffs lack Article III standing. *First*, Plaintiffs lack
standing to seek declaratory and injunctive relief against any of the defendants in the



December 29, 2023
Page 2

case, including the State Defendants and local school officials. To seek prospective relief, a plaintiff must plead an "injury in fact" that is "concrete, particularized, and imminent rather than conjectural or hypothetical." *Nat'l Shooting Sports Found. v. Atty. Gen. of N.J.*, 80 F.4th 215, 218 (3d Cir. 2023). Neither Plaintiff can satisfy this requirement. Plaintiff Short alleges that his children attend New Jersey schools, but he does not allege that his children have had discussions with school officials about gender identity or that they will imminently do so. As a result, it is purely speculative whether any schools received confidential information regarding his children. Other courts have concluded that nearly identical allegations challenging nearly identical parental notification policies are insufficient under Article III. *See, e.g.*, *John & Jane Parents v. Montgomery Sch. Dist.*, 78 F.4th 622, 626-30 (4th Cir. 2023).

Plaintiff Costello likewise does not allege a proper basis under Article III to seek prospective declaratory or injunctive relief. Plaintiff Costello alleges that she was previously impacted by one of the challenged policies when her child engaged in confidential communications with a guidance counselor as to their gender identity. But Costello removed her child from public school years ago, and so she is no longer impacted by the policy of which she complains. *See Lutter v. JNESO*, 86 F.4th 111, 129 (3d Cir. 2023) (holding that previous injury, alone, does not create standing for prospective claims). Moreover, although she seeks damages against other defendants in this case, she seeks no damages from the State Defendants.

*Second*, not only do Plaintiffs each lack imminent future injury, but Plaintiffs also cannot demonstrate "traceability" or "redressability" under Article III to support prospective relief against the State Defendants. As New Jersey law makes clear, the Transgender Student Guidance for School Districts is solely a non-binding guidance. *See* N.J. Stat. Ann. § 18A:36-41(a). Because the guidance is therefore unenforceable, Plaintiffs' alleged harm logically cannot be traceable to it. *California v. Texas*, 141 S. Ct. 2104, 2116 (2021). Further, because the local school districts could retain their same policies without the Department's Guidance, including to comply with state or federal anti-discrimination law, Plaintiffs' alleged injuries would not, and cannot, be redressed by relief against the State Defendants.

As to Rule 12(b)(6), even accepting the truth of Plaintiffs' factual allegations, they fail to state a cognizable legal claim under the Fourteenth Amendment. While Plaintiffs allege a substantive due process right to be told of communications their children have regarding their gender identity, they err in two respects. First, their claim does not satisfy the Supreme Court's and Third Circuit's strict test for divining

December 29, 2023
Page 3

new substantive due process rights. *See Holland v. Rosen*, 895 F.3d 272, 292-93 (3d Cir. 2018). While States may not interfere with parents' rights to "care for and guide their children," failing to affirmatively provide parents with certain information does not infringe those rights. *Anspach v. City of Phila., Dep't of Pub. Health*, 503 F.3d 256, 261, 266 (3d Cir. 2007). Second, the school district policies that the Guidance proposes advance compelling interests in helping New Jersey schools to establish a safe and nondiscriminatory environment for their students, consistent with state and federal law. And those recommended policies are carefully tailored to that interest; the Guidance calls for confidentiality where necessary to encourage students to come forward so that the school can provide them with support they need and protect their health and safety, but nevertheless permits certain disclosures when warranted. The State recognizes the critical role parents play in children's lives and does not bar all such notifications; it recognizes that confidentiality is a case-by-case question based on the student's concerns and other compelling needs.

Finally, Plaintiffs' remaining claims against the State Defendants should also be dismissed under principles of sovereign immunity. Although parties may pursue claims for injunctive relief against state officials for allegedly ongoing violations of federal law, *Ex Parte Young*, 209 U.S. 123 (1908), they may not seek relief against arms of the State directly. *See, e.g.*, *Bowers v. NCAA*, 475 F.3d 524, 545-46 (3d Cir. 2007). The claims against the Department must therefore be dismissed. Furthermore, plaintiffs may not seek injunctive relief against state officials for violations of state law. *King v. Christie*, 981 F.Supp.2d 296, 310 n.12 (D.N.J. 2013). Plaintiffs' state-law claims—contained in Count Two—must be also dismissed.

We welcome the opportunity to discuss these issues further.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: /s/Matthew Lynch_____
    Matthew Lynch
    Deputy Attorney General
    Matthew.Lynch@law.njoag.gov

Cc: All counsel of record (via CM/ECF)