THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK K. SHORT JR., TAMATHA COSTELLO : :<br>    Plaintiffs :<br> :<br>v. :<br> :<br>NEW JERSEY DEPARTMENT OF EDUCATION; ANGELICA ALLEN-MCMILLAN, Commissioner; CHERRY HILL SCHOOL DISTRICT, CRANFORD SCHOOL DISTRICT, CRANFORD OF EDUCATION, :<br> :<br>    Defendants : | Case No. 3:23-cv-21105 – RK-DEA<br><br>Hon. Robert Kirsch, U.S.D.J., and Magistrate Judge Douglas E. Arpert |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO INTERVENE BY EDITH MOLDONADO**

/s/ *Karyn L. White*
Karyn L. White, Esq.
Pacific Justice Institute
Pennsylvania/New Jersey Office
P.O. Box 276600
Sacramento, CA 95827
tel. (916) 857-6900
Bar #289922019
kwhite@pji.org
Attorney for Movant-Intervenor

1

## INTRODUCTION

Edith Moldonado (hereinafter "Intervenor" or "Ms. Moldonado") respectfully moves pursuant to Federal Rule of Civil Procedure 24 to intervene as a plaintiff in this action. Intervention is warranted as of right because the Intervenor's interest in protecting her Fourteenth Amendment right to equal protection under the law and First Amendment right to freedom of speech and the free exercise of her religion freely and the State of New Jersey's prohibition against discrimination cannot be fully represented or protected by Plaintiffs Frank K. Short or Tamatha Costello, and this interest will be impaired if Ms. Moldonado is not permitted to intervene. See Fed. R. Civ. P. 24(a)(2).

In the alternative, Ms. Moldonado should be granted leave to intervene because (1) Ms. Moldonado's claims against the New Jersey Department of Education ("NJ DOE") and the Cherry Hill School District and Board of Education ("CHTSD") share with this action common questions of law and fact; and (2) this action involves the constitutionality of NJ DOE Guidance and a school board policy regarding transgendered students ("the Guidance and Policy")[1] for her children's school district.

For the reasons discussed herein, Ms. Moldonado respectfully requests that the Court grant her Motion to Intervene. Movant attaches a proposed Complaint in Intervention and a proposed Order.

## SUMMARY

Ms. Moldonado is a mother of two students who attend public school in the Cherry Hill Township School District. Plaintiffs Costello and Short, as parents of students in the CHTSD and Cranford Township ("CTSD") School Districts, assert that the Guidance and Policy are violative

---

[1] See Exhibit A, a copy of the NJ DOE Transgendered Guidance and Exhibit B, a copy of the CHTSD Policy #5756 for Transgemdered Students.

2

of Plaintiffs Costello and Shorts' Fourteenth Amendment substantive due process fundamental right to direct the care, upbringing and healthcare/medical decision of their children. The Guidance and Policy stipulates that schools shall keep confidential and may not disclose information that may reveal a student's transgendered status except as allowed by law. Plaintiffs Costello and Short assert the Guidance and Policy should be stricken as ultra vires, as it extends beyond the authority conferred by its enabling statute, N.J.S.A. 18A:36-41.

Ms. Moldonado, as a parent of two children who attend school in the CHTSD, has a substantial interest in the matter. Intervenor asserts that the Guidance and Policy violates her constitutionally protected rights: 1.) Equal protection under the law as provided by the Fourteenth Amendment; 2.) Right to free speech as provided by the First Amendment; and 3.) Right to freely exercise her religious beliefs as provided by the First Amendment. Intervenor further asserts that the Guidance and Policy violate New Jersey State Law, namely, the New Jersey Law Against Discrimination, N.J.S.A. 10:5-2.1 (hereinafter "NJLAD").

Because Plaintiffs Costello and Short have only asserted constitutional violations based upon the Fourteenth Amendment protection of parental rights, Intervenor's rights under the Fourteenth and First Amendments and the NJLAD will not be protected by the resolution of this litigation. Intervenor's interest in protecting her constitutional rights and State law right to be free from discrimination cannot be represented by the present parties to the lawsuit. Plaintiffs Costello and Short do not speak for the rights of individuals whose freedoms of equal protection, religion, and discrimination are violated by enacting and implementing the Guidance and Policy.

## **STANDARD OF REVIEW**

Motions to intervene are governed by Fed. R. Civ. P. 24. Motions to Intervene may be made as of right or by permission of the court. *See* Fed. R. Civ. P. 24(a) and (b). Whether motions

are made by right or by permission, they must be timely so that the original parties' rights will not be prejudiced. *See* Fed. R. Civ. P. 24(a) and (b).

Motions to intervene by right must be permitted if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Intervention by right must be granted where the prospective intervenor establishes that:

> … (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)).

*Conforti v. Hanlon*, 2023 U.S. Dist. LEXIS 56359, *9-10 (D.N.J. 2023).

In defining the contours of a "significantly protectable" legal interest under Rule 24(a)(2), the Third Circuit has held that: "the interest must be a legal interest . . . [and] [t]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Id.* (internal citations omitted). The Court must "therefore determine whether the proposed intervenors are real parties in interest." *Id.* Our courts liberally construe Rule 24(a) "in favor of intervention." Id. (citing *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992).

Pursuant to Fed. R. Civ. P. 24(b), the Court may permit the parties to intervene to the extent that they have "a claim or defense that shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b)(l)(B). District courts have

> …[d]iscretion to allow intervention "[o]n timely motion" where the movants "[have] a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1)(B). The decision of whether to grant or deny permissive intervention lies within the Court's discretion. *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). Courts also "consider various factors,

4

including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already represented in the litigation." *Worthington v. Bayer Healthcare LLC*, Civ. No. 11-2793, 2011 U.S. Dist. LEXIS 144369, 2011 WL 6303999, at *8 (D.N.J. Dec. 15, 2011) (citing *Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982)). Finally, when considering whether to exercise its discretion and allow intervention under Rule 24(b), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

*Id.* at *13. In considering a motion to intervene, the Court must accept as true non-conclusory allegations of the motion. *Madison Joint Venture LLC v. Chemo Rsch. S.L.*, 2021 U.S. Dist. LEXIS 262607, *8. (D.N.J. 2021).

## **LEGAL ARGUMENT**

### I. **The Intervenor's Motion is Timely.**

The Motion to Intervene is timely. On January 22, 2024, the Court adjourned the Rule 16 conference pending the resolution of a motion to dismiss that has yet to be filed by Defendants. Thus, no action has been taken other than a complaint and answer by the parties. A district court's timeliness inquiry for both types of Rule 24 motions requires considering the totality of the circumstances arising from three factors:

> (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005); *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) (treating the timeliness inquiry the same for both types of Rule 24 motions). These three factors are necessarily bound up in one another, see, e.g., *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370, 33 V.I. 311 (3d Cir. 1995) ("[T]he stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved."), and we maintain "a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene," *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 949 (3d Cir. 2012).

*Wallach v. Eaton Corp.*, 837 F.3d 356, 371-372 (3d Cir. 2016).

The Intervenor satisfies all three timeliness factors. The Intervenor filed this motion within sixty days of the Answers filed by Defendants and additionally, while a Defense Motion to Strike Plaintiff's Jury Demand was pending. The prejudice to existing parties by intervention is de minimus to nonexistent because the Intervenor seeks party status in the procedural infancy of the case. Given that the instant case remains in the early stages of litigation, little prejudice will be obtained by virtue of intervention. See *Del. Riverkeeper Network v. United States Army Corps of Eng'rs*, 2010 U.S. Dist. LEXIS 152652, *3 (D.N.J. 2010) ("PRPA's Motion is timely because the Complaint in this matter was only filed in November of 2009 and there have been no responsive pleadings filed thus far."). The harm to the Intervenor if this motion is denied is significant. This litigation directly implicates Intervenor's interest in enforcing fundamental constitutional rights to equal protection of the law, freedom of speech, freely exercising her religious beliefs, and protection from discrimination as a parent of children in public school. Plaintiffs Costello and Short have not alleged that the Guidance and Policy violates the Fourteenth Amendment's equal protection under the law, the First Amendment's right to free speech and expression of religion, or the NJLAD. Should this motion be denied, Intervenor will lose any opportunity to be heard relative to these important constitutional and statutory issues.

## II.     Intervention As Of Right.

### A.     Intervenor Interest In This Litigation

Rule 24(a) requires that the prospective intervenor possess an interest relating to the property or transaction that is the subject of the litigation. "While the type of interest sufficient to sustain intervention as of right is not amendable to precise definition, a putative intervenor must show at a bare minimum that it has a 'significantly protectable' [... ] interest that is 'direct, not

6

contingent.'" They satisfy this need if they are "real parties in interest." *Mountain Top Condo. Ass'n*, 72 F.3d at 366.

Ms. Moldonado has two children who attend Cherry Hill Public Schools. Any determination by this Court regarding the constitutionality of the Guidance and Policy will directly affect Ms. Moldonado's constitutional rights under the Fourteenth Amendment's equal protection of the law and the First Amendment's right to free speech and freely exercise her religion. This litigation directly implicates Intervenor's interest in enforcing her fundamental constitutional rights and right to be free from discriminatory conduct under New Jersey State law.

### B. Disposition Of The Action Would Impair Or Impede The Intervenor's Ability To Protect Her Constitutional Right to Freely Exercise Her Religion.

An applicant for intervention as of right must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." Fed. R. Civ. P. 24(a) (emphasis added). The Intervenor has two children who attend public school in Cherry Hill Township. She alleges that the Guidance and Policy violates her constitutional rights under the Fourteenth Amendment's equal protection of the law and the First Amendment's right to free speech and freely exercise her religion and right to be free from discriminatory conduct under New Jersey State law. These rights will not be protected or substantially impaired or impeded if she is not allowed to intervene.

### C. The Intervenor's Interests Are Not Adequately Represented.

Finally, intervention by right requires finding a "lack of adequate representation by existing parties." Fed. R. Civ. P. 24(a)(2). An intervenor need only show that representation may "possibly" be inadequate, not that it is inadequate. *Shipyard Assocs., L.P. v. City of Hoboken*, 2014 U.S. Dist. LEXIS 165786, *11 (D.N.J. 2014). Plaintiffs Costello and Short have chosen to challenge the constitutionality of the Guidance and Policy based upon the Fourteenth Amendment

substantive due process and protection of parental rights. They have not raised any Fourteenth Amendment equal protection of the law claim, nor any First Amendment or NJLAD violations. Ms. Moldonado is a Christian who will assert that the Guidance and Policy offend our country and the Courts' long-standing tradition and adherence to the principles of equal protection under the law, freedom of speech, freedom of religion, and freedom from discrimination.

Ms. Moldonado is a "real party in interest" whose constitutional rights demand protection. The existing parties in this action do not adequately represent her interests.

### D. Summary Of Intervention As Of Right.

The four elements necessary to allow intervention as of right under Rule 24(a) are present: the Intervenor's Motion is timely, the Intervenor has a clear and concrete interest relating to the subject matter of this case, the Intervenor is at risk that this action may impair her ability to protect her interests and the Intervenor currently lacks adequate representation by the existing parties, in that Plaintiffs Costello and Short have not asserted any violations of the Fourteenth Amendment's equal protection under the law, violations of the First Amendment's freedom of speech and religion, and the State of New Jersey's prohibition against discrimination.

### III. Permissive Intervention Should Be Allowed Under Rule 24(b).

Fed. R. Civ. P. 24(b)(l)(B) allows the Intervenor to intervene, at the Court's discretion, if she has "a claim or defense that shares with the main action a common question of law or fact." As set forth, supra, the Intervenor has sufficient standing to warrant her interest and defense in the case.

This action concerns, among other things, whether the Guidance and Policy is constitutional. Plaintiffs Costello and Short have based their constitutional challenge on the Fourteenth Amendment substantive due process claim and protection of parental rights. Intervenor

seeks to base her constitutional challenge on the Fourteenth Amendment's protection of equal protection under the law, the First Amendment's protection of freedom of speech and religion, and the State of New Jersey's prohibition against discrimination. There are common questions of fact and law that justify intervention. Accordingly, the Court should, to the extent it does not allow intervention as of right under Fed. R. Civ. P. 24(a)(2), exercise discretion because the requested intervention will significantly contribute to the full development of the constitutional issues in the suit and to the just and equitable adjudication of the legal questions presented.

## **CONCLUSION**

For the foregoing reasons, Intervenor respectfully requests that the Court (i) permit Intervenor to intervene and grant her full party status in the instant litigation; and (ii) grant such further and additional relief as the Court deems just and equitable.

Dated: January 24, 2024

Respectfully submitted,

/s/ *Karyn L. White*
Karyn L. White, Esq.
Pacific Justice Institute
Pennsylvania/New Jersey Office
P.O. Box 276600
Sacramento, CA 95827
tel. (916) 857-6900
Bar #289922019
kwhite@pji.org
Attorney for Movant-Intervenor